

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Fred C. Branson
State Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-1815
Re: S. B. No. 268, 46th Leg. --
Morris Plan Banks --
Existing corporations --
Certificate of adoption of
S. B. 268.

We have your letter of January 5, 1940, asking
for an opinion construing S. B. 268 of the 46th Legis-
lature, 1939, General Laws, in which you propound the
following questions:

"1. When a corporation, organized
under Chapter 9, Title 16, of the Re-
vised Civil Statutes of Texas, 1925,
existing at the time of the enactment
of S. B. No. 268, desires to adopt the
powers provided for under such bill, is
it necessary that the resolution of the
stockholders of such corporation be
unanimous or will such resolution be
effective if adopted (a) by two-thirds
vote of the stockholders, or (b) by a
majority of the stockholders?

"2. Assuming a proper resolution
and the filing of a proper certificate,
as contemplated by S. B. No. 268, is it
necessary that such certificate be pre-
sented to and acted upon by the State
Banking Board, or can the Banking Com-
missioner, upon compliance with the re-
quirements of S. B. No. 268, issue a
certificate of authority authorizing
the exercise of additional powers with-
out action by the State Banking Board?"

Article 548a, added to the statutes by S. B. No. 268, is as follows:

"Section 1. That Article 545, Sec. 2, Chapter 9, Revised Civil Statutes of the State of Texas, 1925, be, and the same is hereby amended so as to read as follows:

"'Article 545, Section 2. To receive money on time deposits, and to purchase, sell, discount, or negotiate bonds, notes, certificates of investment and chooses in action for the payment of money at a time either fixed or uncertain, and to receive payments therefor in installments or otherwise, with or without an allowance of interest upon such installments. To purchase stock in Federal Deposit Insurance Corporation.'

"Sec. 2. That a new article shall be added to Article 548, Chapter 9, Revised Civil Statutes of the State of Texas, 1925, to be hereinafter known as Article 548a which article reads as follows:

"'Article 548a. All corporations now chartered under the provisions of this chapter may adopt the powers herein granted by filing a certificate to such effect with the Commission of Banking, provided however, that the incorporation of corporations in the future under this chapter shall make application to the State Banking Board and be governed by the provisions of Chapter 2 of this Title.'

"Sec. 3. All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict only.

"Sec. 4. The importance of this legislation creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read in

each House on three several days be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted." (General Laws, reg. sess. 46th Leg., 1939, pp 72-73).

In our opinion No. 0-1542, referred to by you, this department advised you as follows:

"It is, therefore, our opinion that the certificate of adoption of the banking powers conferred upon existing corporations by Senate Bill 268 should be made only after the same has been authorized by a stockholders meeting either in the annual meeting or in a meeting called for such specific purpose.

"We do not undertake in this opinion to go into the question of the delegation of authority to the Board of Directors by the constitution or by-laws of any such corporation; neither do we go into the question of whether or not the adoption of the added power under Senate Bill 268 must be by a unanimous vote of the stockholders or can be by a majority vote thereof. We simply hold, as a general proposition, that the adoption of such added powers by the Board of Directors would be an insufficient acceptance thereof, as required by Senate Bill 268, on the part of the corporation, but that such should be done by the stockholders composing the corporate body".

We proceed, therefore, to answer your questions in the order in which you state them, as follows:

1. Prior to the adoption of S. B. 268 organizations commonly known as "Morris Plan Banks" were not banking institutions, under our Constitution and statutes; they were made such by the adoption of that bill.

Prior to the enactment of the bill, such corporations were chartered as other private corporations by the

Secretary of State, though they were placed under the supervision of the Banking Commissioner. Now, by Article 548a, above quoted, such institutions not only are under the supervision of the Banking Commissioner, but all such institutions organized after the enactment of the bill are required to be chartered in the manner provided for chartering banking institutions.

In keeping with the principles and conclusions announced in our former opinion No. O-1542, we think the power given to an existing Morris Plan Bank corporation, at the time S. B. 268 became effective, to adopt the banking privileges of that bill, should be exercised or authorized by the stockholders in the manner provided by statute for the amendment of bank charters. That would be by a vote of the stockholders holding two-thirds interest of the capital stock. This is not because of any express statute but is a matter of conclusion from the analogies.

2. Article 381a, which we have thought by analogy affords the answer to your second question, declares:

> "Such amendments shall be in force
> and take effect when adopted by a vote
> of the stockholders holding two-thirds
> interest of the capital stock and when
> approved by the Banking Commissioner of
> Texas and filed in the archives of his
> office".

No provision or requirement is made for any action whatsoever by the State Banking Board. So that, upon the proper action by the stockholders and a proper observance of the requirements of the statute, as to notice of the meeting at which such action has been taken, the Banking Commissioner is authorized to accept a satisfactory certificate as to the adoption of the banking privilege conferred by S. B. 268, and to issue his certificate of authority thereunder, without reference to the Banking Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 12, 1940

By

Ocie Speer
Assistant

OS-MR

FIRST ASSISTANT
ATTORNEY GENERAL